Opinion op the Court, by
Ch. J. Boyle.
THIS was an action of covenant, brought by Lewis’ adjuinistrators against Jouitt, Moseby and,. Stewart. *161 tie* décTáráñ^w-’tci.tes, in substance,* ;that Lewis, in' . ^^lixetimei'-p^r.Gh^ééd fro^i-tbe state? the pri,vileg£ of ft* a ii^rppjte pxypepAbueToaa heading iforn ine nio^th of rf jipi^frto _lK^''móiitif of Big Sandy,' on hisroxec.uting Seep,tHe road, in repairfee p'ut *f_gfid ip repair, and erected the turnpike; ,apd .tjiat L-gia'¿eátb. Bis ^administrators sold the i-esiclpe.pf téfm,'beit^g sixteen years, commencing the ñrSt ,pf* January.l8í5,tto Jouitt^át the price of $40Q per^an^ núm. .Tk^ deckijration then'alleges,- tha^Jouitt, topi; jn<fr jHm.'íh£ ofper defendants as his sureties, Joy their deed, covenanted to keep the said administrators and i{jejr.;sec.urities harmless, and to keep the said road^’in, the Lecessary repair; and assigns for a breach'dfitheir covenant, that the said defendants did not keepjahd perform their covenant, hut broke the same, m this, to A_tyihjihat they did not well and truly keep the said road ’iff the necessary repair; but the same was, and re-.’¿peine'd out of the necessary repair, from the —— day-of—-18—, until the commencement of this suit;,’ to i'imclamage of the plaintiffs $> 5*000.
Tbe jesisqes qf a turnpike. ■ ' road are Isaí; ble to suit Ijy their, 'lessó^,, pnácovenartt tdv keep-tBé • >r<5ad; in fé-paircfíhe'lés-sors'-nemg, ..v bouncl so ;tg.*, ’ do, by,;¿'oñ-tra'ct with . govetnmiirid)j •without sh'4w ing that* tub lessor's had- ¡ been'^becffpr otherwise; ; damh'i&etlpin, conseqifeifce' of the roácfis being out 'of repair, and- . their i-eápon-. sibility to tile ;state.
, In such dase, the measure of damages - will be the injury the: public, has sustained by the road’s being out of repair; and the amount of that injury being matter of o-piniog, the damages assessed by tbs jury must be outrageous, to authorise gran tingla mew trial' on *that.grourid.
In an action of covenant, the plainüíF breaohesSon 'á$ many, and oy as few of coniaiíTeíf'ín the deed- as be pleases.
*161 ¿jfPendipg the suit, the plaintiffs filed an amepdi^St to ’Igeir declaration, stating other covenants pn th*e'partfb£ the defendants, and alleging breaches therein; jbut’tfip amendment was afterwards withdrawn. - *
i'The" writ beintfexecuted upon Jourtt and ^Mqs'efiy, and returned, as to Stewart, no inhabitant, by R^'jme.r^ iff ofi^eenup county, where the suit was brought,dije fiction Vas abated as to the latter; and theptwo former-1 ¿.op appearing, judgment by default was taken against them; anH on a writ of inquiry, the jury found $3,000 damages. The defendant, Jouitt, thbh moved thecourt to,sa| aside the inquest and award a new inquiry, on the gropnd tha'Ctffe’ffamagés were excessive; but thefeourt ojerrpled cíhe tñ°t'on, and the defendants éxcepted-; a judgment^being rendered against them' for the '^aamages assessed by the' jury, they have brought the1 case to this court..
•..By.the assignment of errors several objedionspre taken, which we will notice in the order they occuV-nñ. the history we havl given of the case*. .* Thf first objection is taken to the sufficiencyof the declaration. The declaration alleges two cbveha'ntson the to the *162 (iffi¡ harmless o,i> indemnified, and , thgfjSecpuá*,to kceg the road iq repair'; and the objection''ta^én >.to the de-clarationjs, ¿hat an ¡action woulc^pot lie upon the,foym- or, until the plaintiffs were damnified, by suit, which is not alleged^ Whether an action could be'sustained uPon this 'Soyeuant, without, such an allegation, is, hoty-ever, a point not necessary to be decided; for there is no breach alleged of this covenant, nor was it necessary '^° ^ s0’ *n order to maintain the action |or the breách of the covenant to keep the road in repair; for, how nu-®érouS:Soev&i¿ the-covenants contairiedm the same deed and stated in the declaration, may be, the plaintiff undoubtedly may allege a breach in one or more of therp, as'he pleases, and recover therefor, without alleging» breach of the others. The covenant to keep the road 'n repair, created a.positive duty on the part of the defendants, for á breach of which the plaintiffs bad a right to recover, without waiting until they should be damni-suit; and as this covenant and its breach are sufficiently alleged, the declaration must be deemed good.
, . is not^taken id' the inferior court, to giv-amemfa6de-claration and to withdraw í&eiit ™ flvan-tage cannot bé takeii of it in (he court o s.
And even if ^exception is feiidarit nothing, unless hetustained someinjuryin consequence ‘k
The second objection which occurs, is to the plain* ’Being permitted to file their amendment to .the do-.piaration, and afterwards to withdraw it. There was no exception taken in the circuit court, to the plaintiffs’ permitted to do this, and it is clearly too late now;, for the first time, to make the objection. But, in .truth, w-e can perceive no ground for the objection, if even it had,(been made in proper time. It is always in -the discretion of a court, pending the action, to'permit the plaintiff to amend his declaration, taking care that the amendment does not work a prejudice to the defendant; and, in this case, no prejudice is shown to have •been done to the defendants, either in filing or withdrawing the amendment. ' s
The third objection is taken to entering th¡e'abatement as to the defendant who was returned no inhabitant, and proceeding against the others. This objection is entitled ta.no weight. The^proceedings were perfectly correct, being in strict conformity to the provisions of the ac.t of assembly of 1811.
■* The fourth and last objection.to fie noticed, is taken to the refusal of the circuit court to set the verdict of the jury aside, and to .award a -nevv inquest, i The exception to this opinion of the court contains" (he eyi- *163 ñjpé-givfeñ'toH ..pears tliafc fMdjYor' tweWe'áíonihs -before ’fhfe cpjntáen'cáffeifboí ’«50$ \y|s4dfífiréS%by th’é 'defébdajptá'ffwarlmaj» iri repair'; so ‘mitch so, that if v?;iS impassable-by; w>a|pjp^';This vras unquestionably'^ Breajaj&'of títéiT-co'v'éag&it,’ fír-which they ought to be • made^iaMe for dípfíá ge’s; but what should be the extent .of those dunfi álfesf is a ririattér of more uncertainty. It Would sé'ém, IratThe; Keeping the'Yd ad in repair Was for-the, pu'bl-il'' convenience:, and as the1 plaintiffs have no peculiar ferest, but that which arises from their’ IjÉb.rlfty to-ptfblic,'the'loss or inconvenience sustained by the pub-lie sh'ould be the extent of their right to recover.’ •'•''Biit' tjtfr'ihconvenience'sustained by the public is' nótaos-c'eptibfe'of any definite admeasurement, and the fern-ages, therefore, must be, in a great degree, merejpiaR ter df opinion, and of course to be liquidated by the d.is-cretion of the jury. In such case, unless the damages-given by ajury be flagrantly and outrageously high, the Court ought not to interfere, on the ground of the damages being excessive; and this does not appear to be chsé óf that character. 1 '
Judgment affirmed with costs and- damages.':